E-Filed 10/20/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOUIS STROMBERG,

    Plaintiff,

    v.

MATTHEW HARDER, et al.,

    Defendants.

Case No. 15-cv-02765-HRL

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 9

    Louis Stromberg ("Stromberg") allegedly invested about $3,000,000 in seven investment deals offered to him by Matthew Harder ("Harder"). Stromberg alleges that: (1) Harder agreed to secure most of these investments with notes and first trust deeds recorded against titles to underlying real property; (2) Harder, instead of properly securing the investments, provided several Addendums to Ownership of Note Purchase; (3) Harder told Stromberg those documents were as good as if notes and first deeds of trust had been duly assigned to Stromberg; (4) those documents did not properly secure most of Stromberg's investments; and (5) the full balances on most of the notes are due back to Stromberg but have not been paid, except that one of the investment notes provides for payments to begin in June 2016.

    Stromberg argues that Harder, Harder's associates, and the limited liability companies of Harder and his associates defrauded Stromberg by making misrepresentations to Stromberg and then failing to properly invest, secure, and repay Stromberg's funds. Stromberg argues the corporate veil should not protect the natural-person defendants because the LLCs are just alter egos of the natural-person defendants. Stromberg brings 11 claims in total, including common-law fraud, violations of securities laws, breaches of contract, breaches of fiduciary duty, an action for judicial foreclosure of property in San Diego, and an action for an accounting of money given by Stromberg to several of the defendants. Harder's codefendants include Christine Martinez

("Martinez"); Southwest Financial Solutions, LLC ("Southwest"); Gary L. Gloer; Florida Keys Acquisitions, LLC; Jodie Ann Jones; and Bay Area Housing, LLC.

Harder, Martinez, and Southwest ("Defendants") move under Federal Rules of Civil Procedure ("FRCP") 9(b) and 12(b)(6) to dismiss several claims. Defendants argue claims one, two, and four should be dismissed because Stromberg does not allege securities fraud with the level of detail required by FRCP 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). Defendants also argue that claims seven and eight do not clearly or plausibly allege the violation of any particular law. Defendants lastly argue that claim eight, the sale of securities without a required permit, does not state a cognizable legal theory because the "real property investments" in this case "do not count as securities requiring a permit" under the law cited by Stromberg.

The parties who have appeared—Stromberg, Harder, Martinez, and Southwest—have expressly consented to magistrate jurisdiction. The court read the parties' briefs and considered the governing law. Claims one, two, four, and seven are dismissed with leave to amend. Claim eight is not dismissed.

## Discussion

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or there are insufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). The court assumes the truth of factual allegations and construes them in the light most favorable to the claimant. *Id.* But the court may disregard conclusions not supported by underlying factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court then draws upon its "experience and common sense" to answer a "context-specific" question: do the alleged facts support a plausible claim on which relief might be granted? *Id.* at 679.

The alleged facts must provide the opposing party fair notice and an opportunity to defend itself effectively, and those facts must suggest it would be fair to subject the opposing party to the

expense of defending against the claim. *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (collecting cases and discussing pleading standards).

A fraud claim has five elements under California law: (1) misrepresentation, whether by false representation, concealment, or nondisclosure; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). A fraud claim has not been pled with the particularity required by FRCP 9(b) if the complaint does not allege the time, place, and content of the fraudulent representation. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010). Fraud allegations should describe the "who, what, when, where, and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Stromberg provides details about the timing of different investments, Dkt. No. 1 at 5-8, but does not provide specific details about where, when, or how Harder made any particular misrepresentation that induced any particular investment. Stromberg alleges Harder began to offer these investments "on or about July 20, 2013" and that each investment was induced by a misrepresentation that Stromberg's funds "would only be invested in notes secured by deeds of trust or mortgages in first position against title to the property serving as security." Dkt. No. 1 at 5. Stromberg has adequately described the content of a misrepresentation that was allegedly repeated as part of each offer—Stromberg's funds would be secured by deeds of trust or mortgages in first position against title to specified real property—but Stromberg has not adequately described the time or place of any particular misrepresentation. *Shroyer*, *supra*. Likewise, the complaint describes who invested what, but does not allege when, where, or how any given fraudulent misrepresentation occurred. *Vess*, *supra*. Claims one, two, and four are therefore dismissed for lack of the detailed factual allegations required by FRCP 9(b).

The seventh claim—"Material Misrepresentations in Securities Transactions" in violation of "Federal and California Corporate Securities Law"—states that Stromberg is entitled to "damages as a result of Defendants' disposition of the consideration Plaintiff paid them[.]" Dkt. No. 1 at 21. As discussed, Stromberg has not clearly and particularly explained where, when, and how any particular misrepresentation was made. As well, Stromberg's bare claim that the

misrepresentations violated "Federal and California Corporate Securities Law" does not provide clear notice to Defendants of what conduct may have violated which laws. Stromberg has not supported the seventh claim with factual allegations that plausibly show relief might be granted. *Iqbal*, 556 U.S. at 679. The alleged facts do not provide Defendants with fair notice and the opportunity to defend themselves effectively against the seventh claim, and the alleged facts do not suggest it would be fair to subject Defendants to the expense of defending against the seventh claim. *Eclectic,* 751 F.3d at 996. The seventh claim is dismissed with leave to amend.

The eighth claim, however, plausibly states a claim upon which relief might be granted. Stromberg alleges Harder and Southwest violated California Corporations Code § 25503 by issuing promissory notes without a permit for each of the seven investments. Defendants argue claim eight is too vague, like claim seven, but the court disagrees. Stromberg pleads the substance of each investment and the substance of each related promissory note with particularity, Dkt. No. 1 at 5-8, and the alleged issuance of those notes without a permit plausibly shows Stromberg is entitled to relief under § 25503. The alleged facts provide Defendants with fair notice and the opportunity to defend themselves effectively against the eighth claim, and the alleged facts suggest it would be fair to subject Defendants to the expense of defending against the eighth claim. *Eclectic,* 751 F.3d at 996.

Defendants' alternative argument—that § 25100 of California Corporations Code exempts "real property investments" from classification as "securities" that require a permit—misreads California law. A note is not exempt simply because the money raised was spent on real property. Rather, that exemption may apply to a note only if that note is secured by real property. *People v. Schock*, 152 Cal. App. 3d 379, 390 (1984). Stromberg alleges Harder and Southwest failed to secure the majority of the issued notes with real property, Dkt. No. 1 at 5-9, so the alleged facts plausibly show the exemption raised by Defendants does not apply in this case.

**Conclusion**

Claims one, two, and four are dismissed for lack of the detailed allegations required by FRCP 9(b). Claim seven is dismissed under FRCP 12(b)(6) for failure to state a plausible claim upon which relief might be granted. Claim eight is not dismissed because Stromberg's allegations

plausibly show he is entitled to relief under that claim. Stromberg may file a First Amended Complaint amending the dismissed claims within the next 20 days. He may not add new claims without first obtaining leave of court.

**IT IS SO ORDERED.**

Dated: 10/20/15

_____
HOWARD R. LLOYD
United States Magistrate Judge